# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON A. WALOWAY,

      Plaintiff,

-vs-                          Case No. 15-CV-755

MICHAEL MEISNER, et al.,

      Defendants.

# DECISION AND ORDER

Jason A. Waloway, a former inmate, filed an action under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter is before the Court on the plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and for screening of the plaintiff's complaint (ECF No. 1).

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On June 23, 2015, the Court assessed an initial partial filing fee of $34.39. (ECF No. 5.) The plaintiff paid that fee on July 2, 2015. Accordingly, the Court grants the plaintiff's motion to proceed *in forma pauperis*. The Court notes that the plaintiff is no longer incarcerated, so monthly deductions from his prisoner account to pay the remainder of the

filing fee are not possible. Therefore, it is now the plaintiff's responsibility to continue to make the payments necessary to satisfy the balance of the filing fee ($315.61).

With regard to screening the plaintiff's complaint, the Court must dismiss a complaint if a prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous or malicious if it has no arguable basis in law or fact, or if the petitioner is unable to make any rational argument in law or fact that would entitle him to relief. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The Court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the

- 3 -

Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The plaintiff is currently under active community supervision; however, according to the complaint, while at Dodge Correctional Institution, the plaintiff complained to "Dr. about me working out on weights that my left arm was broken and it was giving me pain." (ECF No. 1 at 3.) The plaintiff claims Dr. Hubretske ordered an x-ray but it was "like 1 year later" before "they" did anything. (*Id*.) He says he was in "extreme pain" and "all HSU staff Lori Doeling, Gloria Marquardt, and DOC complaint system also failed as they denied me surgery for over several years and all they wanted to do is put me on pain medication not fix the problem." (*Id*. at 3-4.) The plaintiff also indicates that Dr. Tueting "stated surgury [sic] ASAP but took DOC over 2yrs to provide sugery." (*Id*. at 4.) The plaintiff alleges he was in constant pain.

Finally, the plaintiff concludes with allegations that, while at Oshkosh Correctional Institution, various officers put him in a "military arm hold" and "lifted [him] off the floor," which is how his arm was broken. (*Id*.) He states that the officers shut off the security cameras and

- 4 -

conspired to cover it up by transporting him to the Wisconsin Resource Center.

The plaintiff is suing Michael Meisner, Lori Doehling, Janice White, and Gloria Marquardt. The plaintiff asks for compensatory damages in the amount of $3,000,000,000 and punitive damages in the same amount.

None of the plaintiff's allegations reference Meisner or White, so the plaintiff fails to state claims against them. Further, the allegations against Doehling and Marquardt are impermissibly vague. The plaintiff states that "all HSU staff, Lori Doehling, Gloria Marquardt, and DOC complaint system" denied him surgery for several years, and that "staff would always" ask him how much time he had left, explaining that he could get healthcare for free on the street. (*Id.*) The specific reference to Doehling and Marquardt amongst allegations targeting "all HSU staff" and the entire "DOC complaint system" makes it impossible for the Court to determine whether the actions of these particular defendants rose to the level of a constitutional violation. In short, without additional factual content about the specific actions of these defendants, the Court cannot draw a reasonable inference that they are liable for the alleged misconduct.

Finally, while other allegations in the plaintiff's complaint indicate

that he may state claims against various doctors and officers who are not named defendants, the Court is not at liberty to add them as defendants on the plaintiff's behalf. Accordingly, the Court will strike the plaintiff's complaint and allow him, if he so chooses, to file an amended complaint that cures the deficiencies noted by the Court.

If the plaintiff wants to proceed, he must file an amended complaint on or before **Thursday, September 3, 2015**. The Court will dismiss this action for failure to prosecute if the plaintiff does not file an amended complaint by the end of the day on **September 3**. The Court advises the plaintiff that he has to put the docket number assigned to this case on the amended complaint, and must call it in the title, "Amended Complaint." The amended complaint, if the plaintiff files it, will replace the prior complaint, and must be complete in itself, without referring back to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If the plaintiff files an amended complaint by the deadline, the Court will screen it pursuant to 28 U.S.C. § 1915A.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS ALSO ORDERED** that the plaintiff shall pay the $315.60 balance of the filing fee. Payments shall be clearly identified by the case name and number assigned to this action and forwarded to the Clerk of Court.

**IT IS FURTHER ORDERED** that the plaintiff's complaint (ECF No. 1) is **STRICKEN**.

**IT IS ALSO ORDERED THAT** that on or before **September 3, 2015**, the plaintiff shall file, if he so chooses, an amended pleading addressing the problems the Court identified above.

**IT IS ALSO ORDERED THAT** the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The Court further advises the plaintiff that failure to timely file documents or pleadings may result in the Court dismissing the case for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**