# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JASON A. WALOWAY,**

    Plaintiff,

-vs-                                Case No. 15-CV-755

**MICHAEL MEISNER, et al.,**

    Defendants.

## DECISION AND ORDER

Jason A. Waloway, a former inmate, filed an action under 42 U.S.C. § 1983, alleging that his civil rights were violated. On July 31, 2015, the Court screened the plaintiff's complaint and decided that he had failed to state a claim. The Court gave the plaintiff the option of curing the deficiencies the Court identified and filing an amended complaint by September 3, 2015. The plaintiff did not file an amended complaint; instead, on August 31, 2015, the plaintiff filed a letter along with a box of exhibits containing more than 500 pages of documents. The plaintiff explained in his letter that he was providing the Court with "all of [his] medical records and complaints to show negligence of D.O.C. and D.O.C. employees." (ECF No. 8.) The plaintiff also asked the Court to appoint an attorney to represent him because he is unfamiliar with how to litigate a case. The plaintiff filed a second letter on August 31, 2015, asking the

Court to send the documents back to him after the Court finished with the documents. (ECF No. 9.)

Although the plaintiff failed to file an amended complaint by the September 3 deadline, it is clear that the plaintiff desires to continue with this lawsuit but is confused about how to do so. Federal Rule of Civil Procedure 8 requires a plaintiff, in part, to set forth a short and plain statement of his claim showing that he is entitled to relief. Apparently, the plaintiff hoped that the Court could assist him in this task by analyzing the plaintiff's medical documents and inmate complaints, but it is not the job of the Court to identify the plaintiff's claims; he must do that himself. As such, the Court has no need for the documents the plaintiff has filed, and will grant the plaintiff's request to have the documents returned to him.

In addition, the Court will give the plaintiff an additional **forty-five days from the entry of this order** to file an amended complaint. The Court encourages the plaintiff to review its July 31 order, which sets forth the pleading standards for stating a claim. Also, along with this order, the

clerk's office will send the plaintiff a helpful guide for *pro se* plaintiffs as well as a blank civil rights complaint form that the plaintiff should use when preparing his amended complaint.

Finally, the plaintiff has asked that the Court to appoint counsel to represent him. In a civil case, the Court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Before a court makes that decision, though, a plaintiff has to show the court that he has made a reasonable effort to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Only after a plaintiff shows that he's made that reasonable attempt to hire counsel will a court decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, a court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as

"evidence gathering" and "preparing and responding to motions." *Id.*

In this case, the plaintiff states that he has contacted several attorneys, but no one wants to take his case. Although the plaintiff satisfies the first step in the process described above, the Court will deny the plaintiff's request. At this time, all the plaintiff has to do is provide an amended complaint briefly stating what happened to him and what relief he would like the Court to provide. The plaintiff's filings to date indicate he is capable of doing that on his own. Accordingly, the Court will deny the plaintiff's request for assistance of counsel at this time.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion seeking the return of documents (ECF No. 9) is **GRANTED**. The documents filed by the plaintiff on August 31, 2015 (see ECF No. 8) are **WITHDRAWN** and **STRICKEN** from the record.

**IT IS ALSO ORDERED THAT** that within **forty-five days** of this order, the plaintiff shall file, if he so chooses, an amended complaint.

- 4 -

**IT IS FURTHER ORDERED THAT** the plaintiff's request for the appointment of counsel (ECF No. 8) is **DENIED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED THAT** the clerk's office shall send to the plaintiff a blank civil rights complaint form for prisoners and the brochure *Answers to Prisoner Litigants' Common Questions.*

Dated at Milwaukee, Wisconsin, this 10th day of September, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**