# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON A. WALOWAY,

        Plaintiff,

        -vs-                      **Case No. 15-CV-755**

MICHAEL MEISNER, et al.,

        Defendants.

# DECISION AND ORDER

Jason A. Waloway, a former inmate, filed an action under 42 U.S.C. § 1983, alleging that his civil rights were violated. On July 31, 2015, the Court screened the plaintiff's complaint and gave the plaintiff the opportunity to correct identified deficiencies. The plaintiff filed an amended complaint on October 13, 2015, which is now before the Court for screening.

Federal law requires that the Court screen the plaintiff's amended complaint. As the Court explained in its July 31 order, a court must dismiss a complaint if a prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The complaint allegations "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the

- 2 -

assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The plaintiff is suing Michael Meisner, Lori Doehling, Janice White, Gloria Marquardt, and Lori Adams.

The plaintiff alleges that in 2004 he was incarcerated at Columbia Correctional Institution, where he was scheduled for surgery on his left arm. Prior to the surgery, he was transferred to Oshkosh Correctional Institution, where he was told he would have surgery soon. Despite these representations, the plaintiff alleges that he was not scheduled for surgery for years. The plaintiff made many complaints from 2005 to 2008 about the pain he was suffering, but it was not until his family enlisted the help of Senator Steve Kagen's office that the surgery was scheduled.

- 3 -

The plaintiff alleges that in March 2009 (post-surgery), prison guards Kevin Houle and CO Fink re-broke his left arm. The plaintiff states that as a result he was in pain for years, but "they neglected to send [him] to the hospital and never gave [him] any medical treatment." (ECF No. 11 at 6.)

The plaintiff alleges that from 2013 to 2015 he complained to Doehling and Marquardt about his pain, but they failed to get him the treatment he needed and instead "deliberately . . . hamper[ed] [his] medical appointments." (ECF No. 11 at 6.)

The plaintiff is seeking compensatory damages in the amount of $3,000,000 and punitive damages in the same amount.

The plaintiff's allegations that Doehling and Marquardt failed to respond to his many requests for treatment of his left arm are sufficient to state claims against these defendants for their deliberate indifferent to his serious medical needs in violation of the Eighth Amendment.

However, the plaintiff makes no allegations against White or Adams, so they will be dismissed. Further, with regard to Meisner, the plaintiff states only that he "does not provide adequate qualified staff and maintains policies that interfere with adequate medical care." (ECF No. 11 at 7.) These conclusory allegations fail to indicate that warden Meisner

- 4 -

had direct, personal involvement, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor has the plaintiff alleged that the violation of his constitutional rights occurred at Meisner's direction or with his knowledge and consent. *Id.* "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Supervisory liability does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Accordingly, Meisner will also be dismissed from this action.

Finally, the Court notes that the plaintiff includes allegations about the untreated pain he endured from 2005 to 2008 and about his arm being re-broken by officers in March 2009. The plaintiff does not name these people as defendants in the caption; however, he does discuss their actions at length in his allegations and specifically refers to them in his request for relief, leading the Court to conclude that he intended to name them.

First, the Court cannot add defendants that the plaintiff failed to include. Second, even if the plaintiff had named these people as defendants, his claims against them would be dismissed because they are

- 5 -

barred by Wisconsin's six-year statute of limitations. Wis. Stat. § 893.53; *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997).

As such, the plaintiff may proceed only on his Eighth Amendment claims against Doehling and Marquardt for the deliberate indifference they allegedly demonstrated in response to his serious medical needs.

**THEREFORE, IT IS ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Lori Doehling and Gloria Marquardt.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Lori Doehling and Gloria Marquardt shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2015.

**BY THE COURT:**

*Rudolph X Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**